IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01723-PAB

STANIMIR GEORGIEV PAVLOV,

     Applicant,

v.

WARDEN SMELZER [sic], Crowley County Correctional Facility, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

     Respondents.

---

### ORDER TO DISMISS IN PART AND FOR ANSWER

---

     Applicant, Stanimir Georgiev Pavlov, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Pavlov filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in case number 04CR1228 in the District Court for Mesa County, Colorado.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

     On August 27, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On September 15, 2010, Respondents filed their pre-answer response.  On September 29, 2010, Mr. Pavlov filed a reply to the pre-

answer response.  On December 6, 2010, he filed a document titled "Caveat Petition to Show Cause for Time Dilation."

The Court must construe liberally Mr. Pavlov's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended application will be denied in part.

Mr. Pavlov was convicted by a jury in Mesa County District Court Case No. 04CR1228 of third-degree burglary and theft.  On January 26, 2007, the trial court sentenced him to six years in prison for burglary and six months in jail for theft, the two sentences to be served concurrently.  The Colorado Court of Appeals granted Mr. Pavlov an extension of time until April 11, 2007 to file a notice appeal, but he does not appear to have filed one.  In an order entered in the trial court on May 10, 2007, the Colorado Court of Appeals ordered that the file be closed.

On April 23, 2007, Mr. Pavlov filed a motion for reconsideration of sentence, which the trial court denied on May 2, 2007.  Mr. Pavlov did not appeal.

On May 17, 2007, he filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  He later filed an addendum to the motion and a request for counsel.  On August 14, 2007, the trial court ordered Mr. Pavlov to file his motion on the proper form and denied his request for counsel "at this time."  *See* pre-answer response, ex. A at 9.  The trial court granted Mr. Pavlov's request for additional time and, on November 13, 2007, he filed a Colo. R. Crim. P. 35(c) motion for postconviction relief.  On January 3, 2008, the trial court denied Mr.

Pavlov's motion for alternate counsel and, on January 7, 2008, denied his motion for postconviction relief.  Mr. Pavlov did not appeal.

Instead, on February 22, 2008, Mr. Pavlov filed a motion to obtain the original trial court record or a copy at state expense, which the trial court denied on February 26, 2008.

On March 10, 2008, Mr. Pavlov filed a motion "For New and Fair Trial Pursuant to Ineffective Assistance of Counsel."   *See* pre-answer response, ex. A at 8.  On April 7, 2008, he filed another motion "For New Trial," *see id.*, which the trial court denied on April 10, 2008.  It is unclear whether this order also addressed the motion "For New and Fair Trial Pursuant to Ineffective Assistance of Counsel."

On April 21, 2008, Mr. Pavlov filed an amended motion for new trial that the trial court denied the following day.  *See id.*  The Colorado Court of Appeals affirmed.  *See* pre-answer response, ex. E (*People v. Pavlov*, No. 08CA1397 (Colo. Ct. App. Feb. 18, 2010) (unpublished)).  On June 21, 2010, the Colorado Supreme Court denied certiorari review.

On June 6, 2008, Mr. Pavlov filed an original proceeding in the Colorado Supreme Court, which the state supreme court denied on June 13, 2008.

On August 4, 2009, while his state postconviction appeal was pending, Mr. Pavlov filed in this Court an application for writ habeas corpus pursuant to 28 U.S.C. § 2254.  *See Pavlov v. Zavaras*, No. 09-cv-01845-ZLW (D. Colo. Oct. 1, 2009).  On October 1, 2009, the application was denied and the action dismissed without prejudice for failure to exhaust state court remedies.  On July 21, 2010, Mr. Pavlov filed the instant action.  On August 25, 2010, he cured a deficiency by filing an amended

3

application that named the proper Respondents.  Respondents concede that the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d).  Therefore, the Court need not address further the one-year limitation period.

Mr. Pavlov asserts the following claims:

> 1.      The State of Colorado did not have personal jurisdiction over him.
>
> 2.      The State of Colorado did not have subject matter jurisdiction over his case.
>
> 3.      Respondents failed to present the following documents in his appeal:  oath of office, officer affidavit, employee affidavit, surety bond, and registration.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas

4

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at

278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to

support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S.

4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in

the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S.

364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

<u>Claims One and Two</u>

Mr. Pavlov contends that the State of Colorado did not have personal jurisdiction

over him (claim one) or subject matter jurisdiction over his case (claim two).  He

presented these jurisdictional claims to the Colorado Court of Appeals, *see* pre-answer

response, ex. B (opening brief, motion for new trial, No. 08CA1397), and to the

Colorado Supreme Court, *see* pre-answer response, ex. H, as questions of federal law.

Therefore, claims one and two appear to be exhausted.

<u>Claim Three</u>

In his third claim, Mr. Pavlov contends that Respondents failed to present the

following documents in his appeal:  oath of office, officer affidavit, employee affidavit,

surety bond, and registration.  Mr. Pavlov concedes that he has not exhausted his third

claim.  *See* reply at 2.  Respondents argue that Mr. Pavlov failed to present his third

claim fairly to the state courts.  He failed to raise it as a federal constitutional claim on appeal from the denial of his amended motion for new trial filed on April 21, 2008.  *See* pre-answer response, ex. B.  He failed to invoke one complete round of Colorado's established appellate review process in the proceedings prior to the April 21, 2008 motion for new trial.  *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

The original proceeding he filed in the Colorado Supreme Court on June 6, 2008 could not have exhausted the third claim because, if a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such fashion does not, for the relevant purpose, constitute fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1399 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).  Moreover, the state supreme court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ.  *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946); *see also* Colo App. R. 21.  Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument.  *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).  Therefore, because Mr. Pavlov fails to demonstrate that the Colorado Supreme Court addressed the merits of the third claim he raised in his petition for an extraordinary writ, the Court

6

concludes that the third claim was not presented fairly to the state appellate courts.  As a result, he has failed to exhaust state court remedies before seeking federal review of his third claim.

Although Mr. Pavlov failed to exhaust state court remedies for his third claim, the Court may not dismiss this claim for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  No further state court remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it was or could have been presented in an appeal or postconviction proceeding previously brought.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  Therefore, the Court finds that the third claim Mr. Pavlov failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Pavlov's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Pavlov must show that some objective factor external to the defense impeded his ability to comply with the

relevant procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003).  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004).  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Pavlov first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Id*.  Mr. Pavlov then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id*. at 327.

Mr. Pavlov fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action.  Therefore, because Mr. Pavlov has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the third claim that Mr. Pavlov failed to exhaust is procedurally barred and must be dismissed.  Accordingly, it is

ORDERED that claim three is dismissed as procedurally barred.  It is further

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims one and two.  It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED at Denver, Colorado this 9th day of February, 2011.

BY THE COURT:


  s/Philip A. Brimmer                                   
PHILIP A. BRIMMER
United States District Judge