IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01723-BNB

STANIMIR GEORGIEV PAVLOV, also known as
ATANAS VELICHKOV YORDANVO,

    Applicant,

v.

WARDEN SMELZER [sic], Crowley County Correctional Facility, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant Stanimir Georgiev Pavlov is a prisoner in the custody of the Colorado Department of Corrections who is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Stanimir Georgiev Pavlov is an alias for Atanas Velichkov Yordanvo. *See Pavlov v. Smelzer [sic]*, No. 10-cv-01282 (D. Colo. Jan. 6, 2011), pre-answer response, ex. A at 2. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). The Court has added Atanas Velichkov Yordanvo as an also-known-as name to the caption of this order.

Mr. Pavlov filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in the District

Court of Mesa County, Colorado, case number 04CR1228.  He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On August 27, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On September 15, 2010, Respondents filed their pre-answer response [Docket No. 9].  On September 29, 2010, Mr. Pavlov filed a reply to the pre-answer response.  On December 6, 2010, he filed a document titled "Caveat Petition to Show Cause for Time Dilation" [Docket No. 11].

On February 9, 2011, the Court entered an order [Docket No. 16] dismissing claim three as procedurally barred, and directing Respondents within thirty days to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addressed the merits of exhausted claims one and two.  The February 9 order allowed Mr. Pavlov to file a reply within thirty days of the filing of the answer.  On February 22, 2011, Respondents filed an answer [Docket No. 17] to the amended application.  On March 24, 2011, Mr. Pavlov filed a reply and two amended replies [Docket Nos. 19, 20, and 21, respectively].  On March 29, 2011, he filed a document titled "Judicial Notice to Convert the Administrative Court Forum to Judicial One Under the Original – Organic U.S. Constitution Article III" [Docket No. 22].  Claims one and two remain pending.

In considering Mr. Pavlov's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in this regard, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). For the reasons stated below, the Court will dismiss pending claims one and two.

**I. Factual and Procedural Background**

Mr. Pavlov was convicted by a jury in Mesa County District Court Case No. 04CR1228 of third-degree burglary and theft. On January 26, 2007, the trial court sentenced him to six years of prison for burglary and six months of jail for theft, the two sentences to be served concurrently. The Colorado Court of Appeals granted Mr. Pavlov an extension of time until April 11, 2007 to file a notice appeal, but he does not appear to have filed one. In an order entered in the trial court on May 10, 2007, the Colorado Court of Appeals ordered that the file be closed.

On April 23, 2007, Mr. Pavlov filed a motion for reconsideration of sentence, which the trial court denied on May 2, 2007. Mr. Pavlov did not appeal.

On May 17, 2007, he filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. He later filed an addendum to the motion and a request for counsel. On August 14, 2007, the trial court ordered Mr. Pavlov to file his motion on the proper form and denied his request for counsel "at this time." *See* pre-answer response, ex. A at 9. The trial court granted a request by Mr. Pavlov for additional time and, on November 13, 2007, he filed a Colo. R. Crim. P. 35(c) motion for postconviction relief. On January 3, 2008, the trial court denied Mr. Pavlov's motion for alternate counsel and, on January 7, 2008, denied his motion for postconviction relief. Mr. Pavlov did not appeal.

Instead, on February 22, 2008, he filed a motion to obtain the original trial court record or a copy at state expense, which the trial court denied on February 26, 2008.

On March 10, 2008, Mr. Pavlov filed a motion "For New and Fair Trial Pursuant to Ineffective Assistance of Counsel." *See* pre-answer response, ex. A at 8. On April 7, 2008, he filed another motion "For New Trial," *see id.*, which the trial court denied on April 10, 2008. It is unclear whether this order also addressed the motion "For New and Fair Trial Pursuant to Ineffective Assistance of Counsel."

On April 21, 2008, Mr. Pavlov filed an amended motion for new trial that the trial court denied the following day. *See id.* The Colorado Court of Appeals affirmed. *See* pre-answer response, ex. E (*People v. Pavlov*, No. 08CA1397 (Colo. Ct. App. Feb. 18, 2010) (unpublished)). On June 21, 2010, the Colorado Supreme Court denied certiorari review.

On June 6, 2008, Mr. Pavlov filed an original proceeding in the Colorado Supreme Court, which the state supreme court denied on June 13, 2008.

On August 4, 2009, while his state postconviction appeal was pending, Mr. Pavlov filed in this Court an application for writ habeas corpus pursuant to 28 U.S.C. § 2254. *See Pavlov v. Zavaras*, No. 09-cv-01845-ZLW (D. Colo. Oct. 1, 2009). On October 1, 2009, the application was denied and the action dismissed without prejudice for failure to exhaust state court remedies. On July 21, 2010, Mr. Pavlov submitted to and filed with the Court the original application in the instant action. On August 25, 2010, he cured a deficiency by filing an amended application that named the proper Respondents. The Court now will address the merits of Mr. Pavlov's remaining claims:

> 1. The State of Colorado did not have personal jurisdiction over him.
>
> 2. The State of Colorado did not have subject matter jurisdiction over his case.

## II. Analysis

### A. Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Pavlov seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to 28 U.S.C. § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to 28 U.S.C. § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Pavlov bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v.*

*Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

The Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, the Court must review the claim *de novo* and the deferential standards in 28 U.S.C. § 2254(d) are not applicable. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

B. Claims

Mr. Pavlov contends that the State of Colorado did not have personal jurisdiction over him (claim one) or subject matter jurisdiction over his case (claim two). He presented these jurisdictional claims to the Colorado Court of Appeals, *see* pre-answer response, ex. B (opening brief, motion for new trial, No. 08CA1397), and to the Colorado Supreme Court, *see* pre-answer response, ex. H, as questions of federal law.

Absence of jurisdiction in the convicting court constitutes a basis for federal habeas corpus relief cognizable under the Due Process Clause. *See, e.g.*, *Danforth v. Minnesota*, 552 U.S. 264, 271 (2008) (recognizing that "[o]riginally, criminal defendants

whose convictions were final were entitled to federal habeas relief only if the court that rendered the judgment under which they were in custody lacked jurisdiction to do so."); *Lonchar v. Thomas*, 517 U.S. 314, 322 (1996) (recognizing that in a § 2254 action "the writ has evolved into an instrument that now demands . . . conviction by a court of competent jurisdiction"); *Yellowbear v. Wyoming Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("[t]he issue of whether the state court properly exercised jurisdiction over [the defendant] is an important federal constitutional question."); *Lowery v. Estelle*, 696 F.2d 333, 337 (5th Cir. 1983) ("An absence of jurisdiction in the convicting court is . . . a basis for federal habeas corpus relief cognizable under the due process clause."); *United States ex rel. Herrington v. Mancusi*, 415 F.2d 205, 208-09 (2d Cir. 1969) ("It has long been settled that habeas corpus relief is available to a defendant convicted by a court without jurisdiction.") (citations omitted).

At the same time, a state court's determination of jurisdiction under state law is binding on a federal habeas court. *See Lambert v. Workman*, 594 F.3d 1260, 1264 (10th Cir. 2010) (a state court's "understanding of its own authority in the state appellate process is a matter of state law and, as such, general beyond the purview of federal habeas review"); *see also Joseph v. Atherton*, No. 99-1330, 2000 WL 84891, at *1 (10th Cir. Jan. 27, 2000) (unpublished) (applicant's argument "that venue lay in Arapahoe County rather than in the Denver district court . . . is a challenge to state court jurisdiction and does not involve a federal question"); *Herrington*, 415 F.2d at 209 ("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law").

"[T]he United States Supreme Court has suggested that, in rare circumstances, a determination of state law can be 'so arbitrary or capricious as to constitute an independent due process . . . violation.'" *Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The instant action does not present such a circumstance. To the contrary, the Colorado Court of Appeals applied black-letter state law in analyzing Mr. Pavlov's jurisdiction claims as follows:

> A person is subject to prosecution in any Colorado district court if he or she commits an offense wholly or partly within the state. *See* § 18-1-201, C.R.S. 2009; *People v. Brown*, 70 P.3d 489, 494 (Colo. App. 2002). The physical presence of the defendant in court is sufficient to confer jurisdiction over that person. *People v. Jones*, 140 P.3d 325, 328 (Colo. App. 2006).
>
> Here, defendant does not explain the factual basis for his assertions concerning jurisdiction beyond stating that he was made to "forcefully submit [to] arrest[,] prosecution . . . and imprison[ment]" by an "oppressive malicious lynching party," and similar allegations. *See generally People v. Butler*, ___ P.3d ___, ___ (Colo. App. No. 07CA0537, July 9, 2009) (a "defendant's claim of vindictive prosecution must rise beyond the level of unsupported allegations"). We note that defendant was charged with and found guilty of an offense committed within the state, and that he appeared and was prosecuted in the district court. Hence, there is nothing in the record to suggest that the court did not have personal or subject matter jurisdiction. *See People v. Vigil*, 983 P.2d 805, 809 (Colo. App. 1999); *Jones*, 140 P.3d at 328.

Pre-answer response, ex. E (No. 08CA1397) at 1-2.

The Colorado Court of Appeals opinion in No. 08CA1397 makes clear that, pursuant to state law, the convicting court had personal and subject matter jurisdiction. Under state law, the fact that Mr. Pavlov was charged with, and found guilty of, burglary and theft committed in Colorado, and that he appeared and was prosecuted in Mesa

County District Court was sufficient to confer personal jurisdiction over him and subject matter jurisdiction on the state district court. The state appellate court's determination of jurisdiction under state law is binding on this Court. *See Lambert*, 594 F.3d at 1264. The Court finds that the state court of appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Mr. Pavlov's first and second claims do not involve a federal question and must be dismissed.

### III.  Conclusion

For the reasons stated above, habeas corpus relief will be denied.

Accordingly, it is

ORDERED that the clerk of the Court correct the docketing records for this action to include Atanas Velichkov Yordanvo as an also-known-as name for Applicant, Stanimir Georgiev Pavlov. It is

FURTHER ORDERED that claims one and two are dismissed as without merit. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed with prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 20th day of April, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge