IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01723-PAB

STANIMIR GEORGIEV PAVLOV, also known as
ATANAS VELICHKOV YORDANVO,

    Applicant,

v.

WARDEN SMELZER [sic], Crowley County Correctional Facility, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Stanimir Georgiev Pavlov, filed *pro se* on April 25, 2011, a motion titled "Motion to Show Cause Why I Am Held in Prison or to Dismiss the Unconstitutional Trial Court Case and Release Me Form [sic] Illegal Imprisonment = State Sponsored Torture Terrorism and Death" [Docket No. 25] and on May 2, 2011, a motion titled "Motion for Rehearing" [Docket No. 26].

The Court must construe the motions liberally because Mr. Pavlov is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mr. Pavlov asks the Court to reconsider and vacate the Order of Dismissal [Docket No. 23] and the Final Judgment [Docket No. 24] entered in this action on April 20 and 22, 2011, respectively. The motions will be construed together as a motion to reconsider and, for the reasons discussed below, denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Pavlov's April 25 and May 2 motions pursuant to Rule 59(e) because the motions were filed within twenty-eight days after the judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

The Court denied the habeas corpus application and dismissed the instant action with prejudice.  The reasons for the dismissal are discussed in detail in the April 20 order.  In the liberally construed motion to reconsider, Mr. Pavlov revisits the issues already addressed in the dismissal order.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Pavlov fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

Accordingly, it is

ORDERED that the motions titled "Motion to Show Cause Why I Am Held in Prison or to Dismiss the Unconstitutional Trial Court Case and Release Me Form [sic] Illegal Imprisonment = State Sponsored Torture Terrorism and Death" [Docket No. 25] and "Motion for Rehearing" [Docket No. 26] that Applicant, Stanimir Georgiev Pavlov, filed *pro se* on April 25 and May 2, 2011, respectively, and which the Court construed together as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), are denied.

DATED May 3, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge